**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BLUE RIBBON FUEL CORPORATION &**<br>**JOSEPH A. MAJKA & SONS,** | **Civil Action No. 2:12-cv-00749 (CCC) (JAD)** |
| **Plaintiffs,** | |
| | **OPINION** |
| **v.** | |
| **AMERICAN SAFETY INDEMNITY**<br>**COMPANY, JOHN DOE INSURANCE**<br>**COMPANIES, JOHN DOE INSURANCE**<br>**BROKERS,** | |
| **Defendants.** | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by proposed intervenor plaintiff State Farm Fire and Casualty Company to intervene in this action pursuant to Fed. R. Civ. P. 24(a) and the Federal Declaratory Judgment Act or, in the alternative, pursuant to Fed. R. Civ. P. 24(b). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, State Farm's Motion to Intervene is **granted**.

## I.    BACKGROUND.

This is a motion to intervene brought by State Farm Fire and Casualty Co. ("State Farm"). The underlying action, brought by plaintiff Blue Ribbon Fuel Corp. ("Blue Ribbon") against American Safety Indemnity Co. ("ASI"), seeks a declaratory judgment that ASI is responsible for indemnifying Blue Ribbon for certain claims submitted by Blue Ribbon customers with respect to malfunctioning heating oil tanks.

A. The Service Agreement and HOTS Policy.

Kenneth and Jamie DeVita (the "DeVitas") are homeowners insured by State Farm. (Br. Supp. Mot. Intervene 1, ECF No. 9-1). The DeVitas contracted with Blue Ribbon for the supply of heating oil under a Heating Tank Oil Service Agreement (the "Service Agreement"). (Id.). The Service Agreement provided that Blue Ribbon would reimburse the DeVitas for the cost of replacing their underground oil storage tank ("UST"), as well as for any consequential contamination remediation costs, in the event of a "confirmed UST failure." (Id.).

ASI, in turn, issued an indemnity policy to Blue Ribbon, namely the Heating Oil Tank Service Agreement Indemnity Policy (the "HOTS Policy").[1] (Opp. Letter Br. 2, ECF No. 11). The limits of the HOTS Policy are $100,000 per claim with a $1,000 deductible per claim. (Id.). Each of the HOTS Policies issued by ASI to Blue Ribbon incorporated by reference the Service Agreement executed between Blue Ribbon and the DeVitas. (Id.).

In the summer of 2010, the DeVitas' UST failed a tank test and contamination due to a leak in the UST was discovered. (Br. Supp. Mot. Intervene 1, ECF No. 9-1). Blue Ribbon removed and replaced the UST; however, environmental remediation of the DeVitas' property is required. (Id.). The DeVitas attempted to obtain their remediation cost benefits from Blue Ribbon. (Id.). Blue Ribbon, however, advised the DeVitas that it had contracted with ASI to "underwrite" the Service Agreement, and that ASI was refusing to honor the claims submitted to it. (Id.).

B. ASI's Denial of the DeVitas' Claim.

ASI denied payment to Blue Ribbon for the DeVita claim based on two grounds: (1) a "confirmed tank failure" did not occur during the period of the Service Agreement; and (2) Blue

---

[1] The HOTS Policy number is 177EOOI and the policy period began on January 1, 2009 and was cancelled in May 2010.

Ribbon breached the HOTS Policy by failing to notify ASI of the DeVita claim for three months. (Opp. Letter Br. 3, ECF No. 11).

With regard to the "confirmed tank failure" denial, ASI argued that a "PID test" was performed in June 2010. (Id.). However, the PID test did not inspect or test the UST itself. (Id.). Thus, ASI argued that a "confirmed tank failure" did not occur within the period of the Service Agreement. (Id.). ASI argued that in order to be a "confirmed tank failure," the UST must have been "investigated by the obligor, or a qualified service provider designated by the obligor, [and] the tank failure has been verified." (Id.). In addition, ASI argued that a "tank failure" is defined as occurring when the "heating oil tank has stopped performing as intended due to a structural failure of the tank." (Id.). According to ASI, this inspection of the UST and verification of a "tank failure" did not occur. (Id.).

With regard to the denial based on Blue Ribbons' breach of the HOTS Policy, ASI cited the reporting requirements of the Service Agreement and the HOTS Policy and argued that Blue Ribbon breached its obligation to timely report the DeVitas' claim. (Id.). ASI noted that excavation of the UST occurred in August 2012, but the claim was not reported until September 2010. (Id.).

C. The Motion to Intervene.

State Farm issued a homeowner's insurance policy to the DeVitas. (Br. Supp. Mot. Intervene 1, ECF No. 9-1). State Farm seeks to intervene in the action as a subrogee of the DeVitas' rights against Blue Ribbon and/or ASI to the extent those entities are obligated to contribute to the remediation of the DeVitas' property. (Id.).

State Farm argued it should be permitted to intervene either a matter of right pursuant to Fed. R. Civ. P. 24(a) and the Federal Declaratory Judgment Act, or in accordance with Fed. R. Civ. P. 24(b)'s permissive joinder principles.

## II.   ANALYSIS.

The permissive intervention principles of Fed. R. Civ. P. 24(b)(2) allow for the intervention of State Farm in this matter.

Rule 24(b) provides that, on timely motion, the court may permit anyone to intervene who . . . "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention has universally been left to the sound discretion of the district court. Cont'l Cas. Co. v. SSM Group, Inc., CIV.A. 94-7789, 1995 WL 422780 (E.D. Pa. July 18, 1995) (citing National Wildlife Fed'n v. Rucklehaus, 99 F.R.D. 558 (D.N.J.1983).

Here, it is clear that permissive joinder is appropriate because the DeVitas' claim against Blue Ribbon shares common questions of law and fact with the declaratory judgment action. The DeVitas submitted a claim seeking reimbursement for the tank failure that occurred on their property within the period of the Service Agreement. ASI, which issued a HOTS policy to Blue Ribbon that incorporated the Service Agreement, is denying coverage by arguing that a "confirmed tank failure" did not occur within the period of the Service Agreement. In the underlying action, Blue Ribbon seeks a declaratory judgment that ASI is responsible for indemnifying Blue Ribbon for the DeVitas claim, and is arguing that a confirmed tank failure did occur within the period of the Service Agreement. The Court will be called upon to interpret the terms of the Service Agreement and to decide the precise issue of whether a confirmed tank

failure did occur within the period of the Service Agreement.  There is an obvious common issue of law or fact.  Thus, State Farm should be permitted to intervene pursuant to Rule 24(b).[2]

### III.   CONCLUSION.

State Farm's motion to intervene is **GRANTED** pursuant to Fed. R. Civ. P. 24(b).

SO ORDERED

Joseph A. Dickson, U.S.M.J.

cc.    Honorable Claire C. Cecchi, U.S.D.J.

---

[2] Having found that intervention is permitted under Rule 24(b), the Court makes no finding as to whether State Farm should be joined under the mandatory joinder principles of Rule 24(a)(2).

5